# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　)　　　I.D. Nos. 1802004304
　　　　　　　　　　　　　　　　)　　　　　　　　1802005743
KIAYRE BRAXTON,　　　　　　　)　　　　　　　　1802005994
　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　)


Submitted: August 13, 2021
Decided: September 28, 2021

**Corrected:**　September 29, 2021
(Spelling of Defendant's name only)

*Upon Defendant's Motion for Postconviction Relief,*
**DENIED.**

*Upon Postconviction Relief Counsel's Motion to Withdraw,*
**GRANTED.**

## ORDER

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Rhonda Pantellas Lowe, Esquire, 3553 West Chester Pike #126, Newtown Square, PA 19073; Jan A. T. van Amerongen, Esquire, Office of Conflicts Counsel, 900 King Street, Suite 320, Wilmington, DE 19801, Attorneys for Defendant Kiayre Braxton.


**WHARTON, J.**

This 28th day of September, 2021, upon consideration of Defendant Kiayre Braxton's ("Braxton") timely *pro se* Motion for Postconviction Relief ("MPCR"), appointed postconviction counsel's ("PCR counsel") Motion to Withdraw as Counsel, the State's Response to Counsel's Motion to Withdraw, and the record in this matter, it appears to the Court that:

1.    Braxton pled guilty on February 11, 2019 to five charges – conspiracy to commit racketeering, drug dealing in heroin, and three counts of possession of a firearm during the commission of a felony ("PFDCF") involving three different handguns.  The plea agreement contemplated an agreed upon sentence of 49.5 years at level 5, suspended after 26.5 years at level 5 for 23 years at level 4, suspended after 6 months at level 4 for 2 years at level 3 probation.  All 26.5 years at level 5, including 12.5 years as a habitual offender on one of the PFDCF charges represented minimum mandatory sentences.  The Court imposed the agreed upon recommended sentences the same day.  Braxton did not appeal his convictions and sentences.

2.    Braxton filed this timely first MPCR pursuant to Superior Court Criminal Rule 61 *pro se* on February 10, 2020,[1]  accompanied by a motion for appointment of counsel.[2]  The Court granted the request for appointment of counsel

---

[1] D.I. 45.
[2] D.I. 45C.

on February 14, 2020.[3] On January 5, 2021, postconviction counsel was confirmed[4] On May 10, 2021, postconviction counsel moved to withdraw after she reviewed the record and the applicable law, and concluded that none of Braxton's postconviction claims "have enough merit to be ethically advocated, and that there are no other potential meritorious grounds for relief that can be raised on behalf of Mr. Braxton."[5] Braxton did not submit any points he wished the Court to consider. The State submitted its response on August 13, 2021.[6]

3. In his MPCR, Braxton presses four claims of ineffective assistance of counsel ("IAC").[7] First, he alleges trial counsel was ineffective by failing to "pursue best defense because of a conflict."[8] Second, he alleges trial counsel was ineffective because she "coerced and scared me into taking a guilty plea."[9] Third, Braxton alleges that counsel would not ask for evidentiary or suppression hearings and told him he was going to be convicted at trial and be sentenced to "triple digits."[10] His last IAC claim alleges that trial counsel was from out of state and was not fully familiar with Delaware law.[11]

---

[3] D.I. 52.
[4] D.I. 57.
[5] D.I. 58.
[6] D.I. 62.
[7] D.I. 45.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

3

4. PCR counsel addresses all of Braxton's claims in her motion to withdraw. With respect to Braxton's first claim that a conflict prevented trial counsel from properly defending him, PCR counsel points to the absence of any evidence of a conflict in the record, resulting in this claim being a mere allegation of ineffectiveness unsupported by concrete allegations of actual prejudice.[12] As to the second claim that trial counsel coerced and scared him into pleading guilty, PCR counsel refers to the transcript of the guilty plea hearing, noting the absence of any evidentiary support for this claim.[13] PCR counsel points out that the record of Braxton's plea colloquy with the Court refutes Braxton's claim that his plea was involuntary or that he was threatened.[14] According to PCR counsel Braxton's third claim that trial counsel failed to seek evidentiary or suppression hearings is belied by the record, which reflects that trial counsel did move to suppress evidence from a search and certain statements.[15] Finally, PCR counsel states that Braxton's claim that trial counsel lacked knowledge of Delaware law is unsupported by anything in the record.[16] For its part, the State argues that Braxton's four IAC claims fail both prongs of *Strickland v. Washington*.[17] It agrees with PCR counsel's evaluation of Braxton's IAC claims.

---

[12] D.I. 58 at 7.
[13] *Id.* at 7-9.
[14] *Id.* at 8,9.
[15] *Id.* at 9, 10.
[15] *Id* at 10.
[17] 466 U.S. 668 (1984).

5. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[18] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[19] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[20] A second or subsequent motion is repetitive and therefore barred.[21] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[22] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[23] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[24] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-

---

[18] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[19] *Id.*
[20] Super. Ct. Crim. R. 61(i)(1).
[21] Super. Ct. Crim. R. 61(i)(2).
[22] Super. Ct. Crim. R. 61(d)(2)(i).
[23] Super. Ct. Crim. R. 61(d)(2)(ii).
[24] Super. Ct. Crim. R. 61(i)(3).

conviction proceeding, or in a federal habeas corpus hearing" are barred.[25]  Here, the MPCR constitutes a timely first motion for postconviction relief alleging IAC.

6.    To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[26]  To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[27]  Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[28]  "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[29]  A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[30]  When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

---

[25] Super. Ct. Crim. R. 61(i)(4).
[26] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[27] *Id.* at 667-68.
[28] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[29] *Strickland*, 446 U.S. at 689.
[30] *Id.* at 694.

6

guilty and would have insisted on going to trial."[31] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[32] Braxton cannot demonstrate that counsel's performance was deficient or that he would have insisted on going to trial.

7. The Court turns to the IAC claims Braxton raised in his *pro se* MPCR. In all four of them, Braxton has failed to meet both the performance and prejudice prongs of *Strickland*. The first of those claims is that trial counsel failed to properly represent him because she was conflicted. It is fatal to this claim that Braxton does not identify how trial counsel was allegedly conflicted. Mere unsubstantiated allegations of ineffectiveness that are entirely conclusory and are not supported by concrete allegations of prejudice are legally insufficient to support an IAC claim.[33]

8. Braxton's second claim is that trial counsel coerced and scared him into pleading guilty. This claim is conclusory as well, since Braxton alleges nothing more than trial counsel provided him with her professional assessment of the likely outcome of a trial and resulting sentence. While that assessment was dire and the likely sentence frightening to him, that fear was the result of the circumstances in

---

[31] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del.); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct.).
[32] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[33] *Younger, supra,* at 556.

which he put himself, not unprofessional behavior by trial counsel. But beyond that, the record of the guilty plea hearing demonstrates its speciousness conclusively. During the plea colloquy with the Court, Braxton stated that he understood the charges against him, that he freely and voluntarily decided to plead guilty to the charges listed in the plea agreement, that he was satisfied with counsel's representation of him, that he understood the trial rights he was waiving and the potential punishment he was facing, and that no one, including trial counsel, was forcing or threatening him to enter the guilty pleas.[34] Additionally, during the plea colloquy, Braxton affirmed that the above answers he provided both on the Truth in Sentencing Guilty Plea form and to the Court were truthful.[35] Finally, before pleading guilty to each charge, Braxton admitted that he committed each of the charges to which he was pleading guilty.[36] Braxton has not demonstrated any evidence to the contrary, much less clear and convincing evidence, and, thus, is bound by the representations he made when he entered his guilty pleas.[37] Again, Braxton has failed to establish either *Strickland's* prejudice or performance prong.

9. Braxton's third IAC claim is that trial counsel refused to request a suppression or evidentiary hearing. Braxton is wrong. The record reflects that prior to trial counsel being appointed, Braxton was represented by an Assistant Public

---

[34] Tr. Plea Colloquy, Feb. 11, 2019, at 5-16, D.I. 56.
[35] *Id.* at 15-16.
[36] *Id.* at 16-20.
[37] *Bradley v. State,* 2007 WL 1599991, at *1 (Del. June 5, 2007).

Defender, who filed numerous motions, including a motion to disclose identity of witness,[38] a motion for relief from prejudicial joinder,[39] and an unsuccessful motion to file a suppression motion out of time.[40] Trial counsel was appointed due to a conflict with the Office of the Public Defender on September 28, 2018,[41] and admitted *pro hac vice* on October 10, 2018.[42] Trial counsel filed an omnibus motion to suppress under seal on January 16, 2019.[43] Furthermore, Braxton waived any claim that trial counsel was ineffective for failing to pursue suppression or evidentiary hearings when he entered his guilty pleas.[44]

10.     Braxton's final IAC claim is that trial counsel did not know Delaware law "to the fullest." He offers no support for this claim, and so it fails.

**THEREFORE,** the Braxton's *pro se* Motion for Postconviction Relief is **DENIED.**

Postconviction relief counsel's Motion to Withdraw as Counsel is **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[38] D.I. 9.
[39] D.I. 14.
[40] D.I. 24
[41] D.I. 27.
[42] D.I. 33.
[43] D.I. 39.
[44] *Day v. State,* 2011 WL 3617797 at *2 (Del. Aug. 11, 2011).